UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                            CASE No. 1:98-cr-229

                                            HON. ROBERT J. JONKER

TIRRELL LASHONE CLEMMONS,

    Defendant.
_____/

**OPINION AND ORDER**

The matter before the Court is on Defendant Clemmons's pro se motion for compassionate release. (ECF No. 543). For the reasons that follow, the Court **DENIES** the motion.

**BACKGROUND**

Over twenty years ago, a jury convicted Clemmons of conspiracy to distribute cocaine base, and of aiding and abetting use of a firearm in relation to a drug trafficking crime causing death. The Honorable Gordon J. Quist imposed a life sentence on April 24, 2001. The Court of Appeals affirmed both the convictions and the sentence imposed. *United States v. Winston*, 55 F. App'x 289 (6th Cir. 2003). Clemmons has filed a series of unsuccessful challenges to his convictions and sentence over the years through almost every conceivable pathway. These challenges include: motions to vacate, set aside, or correct sentence under 28 U.S.C. 2255; motions to reduce sentence under Section 404 of the First Step Act; and motions invoking several previous rounds of retroactive guideline amendments under 18 U.S.C. § 3582(c)(2). *See also* Order, *United States v. Clemmons*, No. 23-1415 (6th Cir. Dec. 21, 2023) (summarizing procedural history). The instant motion is brought under yet another procedural vehicle, as a pro se motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court determines that this motion must also be denied.

## LEGAL STANDARDS

Title 18 U.S.C. § 3582(c)(1)(A)(i) permits courts, when "warrant[ed]" by "extraordinary and compelling reasons" to reduce a defendant's sentence. Under *United States v. Alam*, 930 F.3d 861 (6th Cir. 2020), the Court must first be satisfied that defendant has exhausted his compassionate relief request in the BOP. If so, then under *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020), the Court must proceed with a "three-step inquiry." *See United States v. McCall*, 56 F. 4th 1048, 1054 (6th Cir. Dec. 22, 2022) (en banc). Under this approach, the Court must first determine whether the defendant has identified an extraordinary and compelling basis for relief. Second, courts must "confirm that any sentence reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). And third, "defendants must persuade the district judge to grant the motion after the court considers the § 3553(a) factors." *Id.*

Until recently this three-step analysis was, in practice, a two-step analysis as to defendant-filed motions. This is because when the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the First Step Act") changed the compassionate release statute to permit defendant-filed compassionate release motions, the Sentencing Commission had not updated its policy statement to include defendant-filed motions. *McCall*, 56 F.4th at 1054. Nor did the Commission have a quorum to act at the time. Thus, in *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), the Sixth Circuit simplified the analysis by concluding that U.S.S.G. § 1B1.13 was not a policy statement that limits a court's consideration of a compassionate release motion. This eliminated, for a time,

2

the need for this Court to analyze a defendant's request for consistency with U.S.S.G. § 1B1.13. *See also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (reaffirming *Jones's* holding that §1B1.13 at the time was "not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions.").

In August 2022, the Sentencing Commission reached a quorum, and last spring the Commission promulgated a proposed amendment to U.S.S.G. § 1B1.13—the policy statement that elaborates on the criteria for compassionate release—to apply the policy statement to defendant-filed motions. *See* Notice of Submission to Congress of Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28254, 28254–59 (May 3, 2023). The amendment took effect last fall and now appears in the current version of the sentencing guidelines. *See* U.S.S.G. § 1B1.13 (2023). Accordingly, the Court must now also confirm that any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. The sections of the policy statement regarding extraordinary and compelling reasons relevant to Hollon's motion include: the medical circumstances of the defendant; family circumstances of the defendant; and a catchall provision for "other circumstances." *See* U.S.S.G. § 1B1.13(b)(5) and (6). The policy statements further provide that while rehabilitation is not in and of itself an extraordinary and compelling reason for compassionate release, it can be considered in combination with other circumstances in determining whether and to what extent a reduction in a defendant's term of imprisonment is warranted. *See* U.S.S.G. § 1B1.13(d).

**DISCUSSION**

Defendant musters several arguments that, he says, augur in favor of compassionate release. In particular he points to various changes in sentencing law and in the ways courts have interpreted those laws; along with various circumstances—his age and medical, family, and personal circumstances—that he says amount to extraordinary and compelling reasons for compassionate release. There appears to be no dispute that Defendant has exhausted his compassionate release request as the Government addresses the motion on the merits. As is apparent from the briefing, the analysis at steps one and two would entail a detailed discussion of the merits of Defendant's arguments including complicated issues of sentencing;[1] a review of consistency with the Sentencing Commission's policy statements; and a thorny legal issue involving one of those policy statements.

The Court determines that it is not necessary to wade into those issues because assuming, without deciding, that Defendant has done enough to get past the first two steps, a consideration of the Section 3553(a) sentencing factors at the third step augurs against granting the relief requested. *See United States v. Brownlee*, No. 21-2591, 2022 WL 35404, at *1 (6th Cir. Jan. 4, 2022) ("We have . . . allowed the district court to assume for the sake or argument that 'extraordinary and compelling' reasons for release existed before then weighing the § 3553(a) factors."); *see also United States v. McKinney*, No. 22-3090, 2023 WL 5608463, at *2 (10th Cir. Aug. 30, 2023) ("If the § 3553(a) factors would lead the court to deny compassionate release regardless of extraordinary and compelling reasons, the district court may skip directly to that

---

[1] The Court notes, however, that some of Defendant's sentencing arguments have previously been resolved against him. *See* Op. & Ord., ECF No. 526 (W.D. Mich. Apr. 10, 2023).

inquiry."); *United States v. Tinker,* 14 F.4th 1234, 1238 (11th Cir. 2021) (noting that the circuit courts "have uniformly held that a district court may assume the existence of 'extraordinary and compelling reasons' while deciding the compassionate-release motion before it based on the § 3553(a) factors.").

Accordingly, at the third step, the Court denies Defendant's motion.  It has been a common refrain across the various post-judgment motions in this case that the Section 3553(a) factors do not support any reduction in sentence.  *See, e.g.*, Mem. Ord. at 2, ECF No. 462 (W.D. Mich. Mar. 18, 2008) ("Even if this Court could re-sentence this defendant to a lesser term, it would not do so. Defendant was involved in a horrible murder.  Defendant's record in prison is horrible."); Ord. at 1, ECF No. 475 (W.D. Mich. Oct. 6, 2015) ("Clemmons is not entitled to consideration of a reduction pursuant to § 3582(c)(2), and even if he were so entitled, this Court would not grant such a reduction.  The drug dealing in which Clemmons was involved was extraordinarily violent and involved the murders of young people in the most heinous manner.  Clemmons is a dangerous man."); Mem. Ord. at 2, ECF No. 494 (W.D. Mich. Mar. 8, 2021) ("Even if Clemmons is eligible for a sentence reduction, the Court will not reduce his life sentence.  As the Court has stated many times, Clemmons is a dangerous person.  The drug dealing in this case was extraordinarily violent and involved multiple heinous murders. . . . After being incarcerated, Clemmons has continued his violent life by assaulting prison staff and other inmates."); Op. & Ord at 6, ECF No. 526 (W.D. Mich. Apr. 10, 2023) ("Reducing Defendant's sentence would undermine the deterrent, public protection and just punishment factors of Section 3553).  Indeed, in denying a retroactive guideline amendment motion earlier this summer, the Court remarked:

> Even if Clemmons were eligible for a reduction consistent with the guidelines' policy statement [for purposes of the Section 3582(c)(2)

5

> motion], the Court denies the motion in its discretion at the second step based on a full consideration of the Section 3553(a) factors. Clemmons was involved in a particularly gruesome crime. The sentencing judge repeatedly remarked that Clemmons was a dangerous person, that the drug dealing in this case was extraordinarily violent, and involved multiple murders. . . . Nothing of record since that time convinces the Court that the balance of factors has meaningfully changed. Clemmons continues to be incarcerated in the Bureau of Prisons' most secure facility, USP Florence ADX Max. The public safety risk remains high.

Op. & Ord. at 6, ECF No. 545 (W.D. Mich. Aug. 19, 2024).

Nothing has changed in the subsequent two months. An independent review of the Section 3553(a) factors for purposes of this motion properly leads to the denial of Defendant's request. Defendant's offense conduct involved horrible and violent behavior involving murders. His record while in custody is horrible too. Even while in custody at the Bureau of Prisons' most secure facility Defendant has been able to engage in violent behavior like breaking a concrete bed and windows, and seriously assaulting an officer with a flashlight. (*See* ECF No. 546-2, PageID.940). It remains the case that reducing Defendant's sentence would undermine the deterrent, public protection and just punishment factors of Section 3553.

**ACCORDINGLY, IT IS ORDERED** that Defendant's motion for compassionate release (ECF No. 543) is **DENIED.**


Dated:   October 4, 2024              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE

6